**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4364**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

EDWARD TYRONE PIPKIN,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:05-cr-01129-TLW-2)

———————————

Submitted:  January 5, 2012         Decided:  February 9, 2012

———————————

Before KING, SHEDD, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Ronald R. Hall, West Columbia, South Carolina, for Appellant.
Carrie Fisher Sherard, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Tyrone Pipkin was found guilty of participating in a conspiracy to distribute or possess with intent to distribute fifty or more grams of cocaine base and five or more kilograms of cocaine in violation of 21 U.S.C. § 846 (2006), attempted robbery in violation of 18 U.S.C. §§ 1951(a), 2 (2006), use or carry of a firearm in furtherance of a drug trafficking crime and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (2006), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006). He was sentenced to a cumulative custodial sentence of 444 months. We affirm.

On appeal, Pipkin's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Although Pipkin's counsel states that he can find no meritorious issues for appeal, the brief filed on Pipkin's behalf seeks our review of the district court's treatment of Pipkin's request for new counsel and Pipkin's sentence. Pipkin filed a pro se supplemental brief asserting his discontentment with his trial counsel as well as other issues.

We review a district court's ruling on a motion to substitute counsel for abuse of discretion. United States v.

2

Perez, 661 F.3d 189, 191 (4th Cir. 2011). Although the Sixth Amendment protects an indigent defendant's right to be represented by counsel, "[a]n indigent defendant can demand a different appointed lawyer only with good cause." Id. (internal quotation marks omitted). We consider three factors in reviewing denials of motions to substitute counsel: (1) the "[t]imeliness of the motion;" (2) the "adequacy of the court's inquiry into the defendant's complaint;" and (3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994) (internal quotation marks omitted). These factors are balanced "against the district court's interest in the orderly administration of justice." Perez, 661 F.3d at 191 (internal quotation marks omitted).

We perceive no abuse of discretion on the part of the district court. Although the record discloses that Pipkin was dissatisfied with his trial counsel during portions of the representation, the record also discloses that the district court adequately inquired into the relationship and found no breakdown of communication. Partway through the trial, Pipkin informed the court that he thought counsel was doing a "pretty good job" and affirmed his desire to proceed with the trial

without a change of counsel. To the extent that Pipkin alleges ineffective assistance of counsel in his supplemental brief, we decline to entertain such allegations on direct appeal because our review of the record uncovers no conclusive displays of such ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as failing to calculate or improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). That presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553 factors." United

States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Our review of Pipkin's sentencing discloses one procedural error. The district court incorrectly stated that the Guidelines range for Pipkin's attempted robbery conviction was 360 months to life when in fact it was the statutory maximum of 240 months. However, Pipkin was sentenced to 240 months for the attempted robbery, to run concurrently with two other sentences of 360 months' imprisonment. We review for plain error because Pipkin did not object to the erroneous Guidelines calculation. See United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010). Because the procedural error is irrelevant to the time Pipkin will serve in prison, it does not affect his substantial rights. See United States v. Ellis, 326 F.3d 593, 600 (4th Cir. 2003). Thus, we decline to find that the district court's misstatement rises to the level of plain error.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pipkin, in writing, of the right to petition the Supreme Court of the United States for further review. If Pipkin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pipkin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6